UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY HAMMOND,

       Petitioner,

                                   CASE NO. 04-CV-73385-DT
v.                             JUDGE VICTORIA A. ROBERTS
                                 MAGISTRATE JUDGE PAUL KOMIVES

THOMAS BIRKETT,

       Respondent.
                               /

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S REQUEST FOR ORAL ARGUMENT AND BOND ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Mark Anthony Hammond is a state prisoner incarcerated at Camp Lehman in Grayling, Michigan. On August 31, 2004, petitioner filed a *pro se* application for the writ of habeas corpus, challenging his September 2000 state court conviction for first degree home invasion. Petitioner challenges his conviction on various grounds of ineffective assistance of counsel, prosecutorial misconduct, improper jury instructions, and improper admission of evidence. On April 11, 2005, petitioner filed, through counsel,[1] this Request for Oral Argument and Bond. Petitioner seeks a bond hearing and, ultimately, release on bond pending the Court's resolution of his habeas corpus petition. Counsel filed a brief in support of the request on April 21, 2005. Respondent filed a response on April 28, 2005.

"It is recognized that a federal district court has inherent authority to release an inmate on bail or surety pending the court's decision on a petition for writ of habeas corpus." *Johnson v.*

---

[1] It is not entirely clear whether counsel is properly representing petitioner at this time. This matter is addressed in a separate Scheduling Order entered on this date.

*Nelson*, 877 F. Supp. 569, 570 (D. Kan. 1995) (citing cases). *But cf. In re Roe*, 257 F.3d 1077, 1079 (9th Cir. 2001) (recognizing split in authority as to whether habeas court may order release on bond pending the district court's resolution of the petition). However, because a habeas petition challenges a valid, final state court judgment, principles of federalism and comity require a federal habeas court to tread lightly before interfering with a state's execution of a valid sentence by ordering release on bond. *See Rado v. Meachum*, 699 F. Supp. 25, 26 (D. Conn. 1988); *cf. Cherek v. United States*, 767 F.2d 335, 337-38 (7th Cir. 1985) ("A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted."). Thus, a district court's power to order release pending disposition of an application for habeas relief is "limited" and properly exercised in "special cases only." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001).

In order to be entitled to release pending disposition, a habeas petitioner must make two showings. First, he must show that his petition raises substantial constitutional questions on which he is likely to prevail. Second, he must show that "extraordinary or exceptional circumstances exist which either warrant the requested relief or require release to make the writ of habeas corpus an effective remedy." *Johnson*, 877 F. Supp. at 570; *accord Mapp*, 241 F.3d at 226; *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990); *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986).[2]

---

[2]A separate set of standards applies when bond is sought after the district court has adjudicated the petition, either granting or denying relief on the merits. *See Hilton v. Braunskill*, 481 U.S. 770 (1987); FED. R. APP. P. 23(b), (c). These separate standards are inapplicable where, as here, a petitioner seeks bond prior to the district court's adjudication of the petition. *See United States v. Stewart*, 127 F. Supp. 2d 670, 672 (E.D. Pa. 2001).

Here, regardless of whether petitioner has a substantial probability of success on the merits of his claims, he has failed to demonstrate any special circumstances justifying the extraordinary relief of release on bond. It is not enough for petitioner to show that he has potentially meritorious claims, or that he has a place to live and work and will not pose a risk to the community. In order to make this showing, petitioner must demonstrate that his case is "distinguishable from other habeas cases." *Rado*, 699 F. Supp. at 26. The situations in which extraordinary circumstances will be found "seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). Petitioner's claim of constitutional error in his trial does not present an extraordinary circumstance, as "there is nothing unusual about a claim of unlawful confinement in a habeas proceeding." *Martin*, 801 F.2d at 330. Nor does petitioner's claim that he is actually innocent amount to an extraordinary circumstance; a habeas petitioner "comes before the court with a strong–and in the vast majority of cases conclusive–presumption of guilt." *Schlup v. Delo*, 513 U.S. 298, 326 n.42 (1995). In short, petitioner has "made no showing of a medical emergency or any other special circumstance" justifying release on bond. *Martin*, 801 F.2d at 330. Thus, he is not entitled to be released on bond pending the Court's disposition of his application for the writ of habeas corpus. *See Roe*, 257 F.3d at 1080-81 (petitioner not entitled to release on bond despite failing health, the seriousness of the allegations in the petition, petitioner having a place to reside, and codefendant's statement that petitioner was not involved in the crime); *Landano*, 970 F.2d at 1240-41 (petitioner not entitled to release on bond despite making strong showing of actual innocence, lack of state court provisions for bond during post-conviction proceedings, and no risk of flight).

    Accordingly, it is ORDERED that petitioner's Request for Oral Argument and Bond on

Petition for Writ of Habeas Corpus is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

    IT IS SO ORDERED.

                                      s/Paul J. Komives
                                      PAUL J. KOMIVES
                                      UNITED STATES MAGISTRATE JUDGE

Dated: May 24, 2005

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 24, 2005.
>
>                         s/Eddrey Butts
>                         Case Manager