UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY HAMMOND, #321889

       Petitioner,

vs

Case No: 04-73385
Honorable Victoria A. Roberts

THOMAS BIRKETT,

       Respondent.

_____/

**ORDER REGARDING PETITIONER'S APPEAL OF
MAGISTRATE JUDGE'S MAY 24, 2005 OPINION AND ORDER**

## I.     INTRODUCTION

This matter is before the Court on Petitioner's appeal of Magistrate Judge

Komives' order issued May 24, 2005 denying Petitioner's Request for Oral Argument

and Bond on Petition for Writ of Habeas Corpus. The Court DECLINES to reverse the

Magistrate Judge's ruling.

## II.     BACKGROUND

Petitioner Mark Anthony Hammond is a state prisoner incarcerated at Camp

Lehman in Grayling, MI. On August 31, 2004, Petitioner filed a pro se petition for Writ

of Habeas Corpus, challenging his September 2000 state court conviction for first-degree

home invasion. The basis for his challenge rests mainly upon claims of ineffective

assistance of counsel, prosecutorial misconduct, improper jury instructions, and improper

admittance of evidence. On April 11, 2005, Petitioner, through his counsel, filed a

Request for Oral Argument and Bond on Petition for Writ of Habeas Corpus.

On May 24, 2005, Magistrate Judge Komives issued a Memorandum Opinion and Order denying Petitioner's Request for Oral Argument and Bond. The Magistrate Judge found that Petitioner had failed to demonstrate any special circumstances justifying release on bond, and that Petitioner's claim of innocence was not an extraordinary circumstance. Accordingly, Magistrate Judge Komives denied Petitioner's request. Petitioner, in pro per, filed his objections on June 6, 2005.

## III.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(a), a magistrate's ruling on a non-dispositive motion cannot be reversed unless it was clearly erroneous or contrary to law. *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985); *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth*, 162 F.R.D. at 291 (citations omitted). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Commissioner*, 958 F.2d 684, 690 (6th Cir. 1992) (citations omitted). 'With respect to the magistrate judge's conclusions of law, the reviewing court must exercise independent judgment.' *Haworth*, *supra*, at 291.

## IV.   ARGUMENTS

### A.  Petitioner's Arguments

Petitioner essentially argues that the Magistrate Judge's ruling was contrary to law. Petitioner states that his situation was extraordinarily rare;  there was clear evidence of his innocence. In support of this argument, Petitioner provides detailed information to

2

show ineffective assistance of counsel, prosecutorial misconduct, and improper admittance of evidence, all of which ultimately led to his wrongful conviction.

## V.    APPLICABLE LAW

In order to warrant release of a state prisoner pending consideration of a habeas petition, the petitioner must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstances making the motion for bail exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citation omitted). "Since a habeas petitioner is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is [entitled] to bail . . ." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Release on bail due to extraordinary circumstances have included "situations involving poor health or the impending completion of the prisoner's sentence." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). However, not all such situations warrant a prisoner to be released on bail. *See In re Roe*, 257 F.3d 1077, 1080-81 (9th Cir. 2001) (even where a petitioner has shown failing health and produced a statement from a former co-defendant that the petitioner was not involved in the crime, the petitioner still was not entitled to release on bond). In addition, allegations of serious constitutional violations do not justify release on bail. *Id.*; *see also Landano*, 970 F.2d at 1241 (despite a strong showing of actual innocence, petitioner was still not released on bail).

## VI.    ANALYSIS

The Magistrate Judge's ruling was not contrary to law since Petitioner's claim that his situation was an extraordinary circumstance was unavailing. The applicable law

clearly states that exceptional circumstances do not include allegations of serious constitutional violations or claims of actual innocence. As Magistrate Judge Komives correctly stated, Petitioner must distinguish his case from other habeas cases since there is nothing unusual about a claim of unlawful confinement in a habeas proceeding. However, Petitioner had not presented any special or extraordinary circumstances to justify release on bond, and the Magistrate Judge correctly denied the request for bond and oral argument.

**VII.    CONCLUSION**

The Court declines to reverse Magistrate Judge Komives' ruling.

**IT IS SO ORDERED**.


                                        ____/s/ Victoria A. Roberts_____
                                        Victoria A. Roberts
                                        United States District Judge


Dated:  August 19, 2005

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and petitioner by electronic means or U.S. Mail on August 19, 2005.<br><br>s/Linda Vertriest_____<br>Deputy Clerk |